## SOUTHERN COACH CORPORATION v. FRAZIER, Director of Division of Motor Vehicles of Department of Finance of Virginia.

District Court, E. D. Virginia.

June 1, 1932.

J. Randolph Tucker and Andrew D. Christian, both of Richmond, Va., for complainant.

A. P. Staples, of Roanoke, Va., Collins Denny, Jr., Asst. Atty. Gen., and Oscar Shewmake, of Richmond, Va., for respondent.

WAY, District Judge.

Complainant, Southern Coach Corporation, filed its bill of complaint against respondent, T. McCall Frazier, "Director of the Division of Motor Vehicles of the Department of Finance of the Commonwealth of Virginia," seeking to enjoin him, as such director, and his agents, servants, subordinates, and each of them, from arresting or causing the arrest of the operators of complainant's motor vehicles and from interfering in any manner with its proposed operations as a carrier of passengers by motor vehicles over the highways of Virginia *in interstate commerce.*

Shortly thereafter, and before the court had reached a conclusion as to whether the case presented by the original bill is within the provisions of section 266 of the Judicial Code (28 USCA § 380), complainant filed an amended bill in which it sets forth that it is a public service corporation organized and existing under the laws of Virginia, with its

principal office in the city of Richmond, and that it is duly authorized by its articles of association to operate as a carrier of passengers by motor vehicles over the highways of Virginia and other states of the United States and the streets of the District of Columbia; that respondent, T. McCall Frazier, is the director of the division of motor vehicles of the department of finance of Virginia; that this case arises under the Constitution and laws of the United States, and that the requisite jurisdictional amount is in controversy; that complainant has filed with the State Corporation Commission of Virginia its application for a certificate of authority to engage in the *interstate transportation only* of passengers by motor vehicles over specified highways in Virginia, as required by section 7 of chapter 419 of the 1930 Acts of the Assembly of Virginia; that the route over which complainant proposes to transport passengers in interstate commerce extends through Virginia, having one terminus in the District of Columbia and the other at the city of Bristol, Tenn.; that complainant does not contemplate any intrastate operations in Virginia; that its said application to the Corporation Commission was accompanied by all the data and information as to schedules, tariffs, ownership, capital employed in business, and other information required by the laws of Virginia; and, further, that it proposes to comply with all the provisions of the laws of the state of Virginia applicable to motor vehicle carriers, and is willing and proposes to comply with and abide by all the rules and regulations of the State Corporation Commission in connection with the operation of motor vehicles on the highways of Virginia except in so far as such rules and regulations may be in conflict with the rights of complainant under the Constitution of the United States.

The amended bill further sets forth that complainant's application was set for hearing before the State Corporation Commission on the 13th of April, 1932, on which date the application was continued by said commission for further hearing and consideration until the 27th of April; that on April 27th the application was again continued; and it is also complained that the matter has been continued from time to time by the State Corporation Commission without that body ever having taken any definite action either by granting or refusing the application for a certificate.

The amended bill further alleges that all things required by the laws of Virginia as a prerequisite to the issuance of a certificate by the Corporation Commission have been done and complied with by it; that since March 17, 1932, complainant has been endeavoring to secure from said commission the certificate which the laws of Virginia require complainant to procure before operating, and which complainant (impliedly at least) concedes *is a necessary prerequisite to the payment of the proper taxes and license fees to respondent motor vehicle director, and to his receiving the same;* and that it has offered to pay to the respondent, as director of the division of motor vehicles, the required taxes and license fees; but that he refuses to receive the same. Specifically, the bills allege and show tender by complainant to the respondent director of motor vehicles, of the sum of $1,100, to pay the license and other fees required for the operation of the passenger motorbusses which complainant desires to operate over the highways of Virginia in interstate commerce.

The amended bill further shows that said respondent has notified complainant that operation, without the payment of the required license fees and the display upon its vehicles of the required tags, will be followed by the arrest of complainant's operators, which it is alleged will result in the contemplated operations being discontinued and cause irreparable loss, damage, and injury to complainant.

Complainant shows also that it owns property, valued at more than $100,000, intended for and useful only in its proposed operations of carrying passengers by motor vehicles in interstate commerce, which property complainant alleges was then idle and useless and that the expenses of complainant's officers, personnel, and the like is accruing daily without opportunity for recoupment through earnings.

*Respondent,* T. McCall Frazier, director of the division of motor vehicles, *is the sole defendant* named in the bills of complaint, and the relief prayed for against him in the amended bill is stated as follows: "That the said T. McCall Frazier, Director of the Division of Motor Vehicles, his agents, servants, employees and attorneys, and all those in active concert, or participating with them, shall be restrained and enjoined from arresting or causing the arrest of the operators of plaintiff's motor vehicles, or any of them, and from interfering in any manner with the interstate operations of complainant, or in any way impeding the same, or arresting, threatening, or in any other manner disturbing the persons

employed therein, or the plaintiff itself, *by reason of plaintiff's not having a certificate as applied for,* or having registered its vehicles and procured number plates therefor, and not exhibiting said plates, or having paid license taxes on same or any road tax." (Italics supplied.)

The bill prays also that a temporary restraining order and preliminary injunction may be issued against said director, his agents, subordinates, etc., and in due course made perpetual.

Affidavits also were filed by complainant at the hearing on May 27th, made by certain employees of the motor transportation division of the State Corporation Commission of Virginia, to one of which affidavits is attached a copy of the "Revised Rules and Regulations governing the supervision and operation of motor vehicles." Another affidavit so filed sets forth that the State Corporation Commission has never refused to issue a certificate authorizing the carrying of passengers or freight over the highways of Virginia in interstate commerce only; that to date 171 applications have been made to the Corporation Commission for certificates to engage in the interstate transportation by motor vehicles of passengers and/or freight; and that said commission has issued certificates to all the 171 applicants.

But, as stated above, only respondent, T. McCall Frazier, director of motor vehicles, is made a party defendant to these proceedings. No proceedings are taken and no relief is asked for against the State Corporation Commission of Virginia or against any other state authority or agency.

In the oral argument it was contended by counsel for complainant, and I think properly conceded by counsel for respondent, that a case for a three-judge court is not presented, since the amended bill does not challenge the constitutionality of any state statute involved and does not seek (directly at least) to enjoin the enforcement or execution of any order made by any administrative board or commission acting under or pursuant to the statutes of the state of Virginia as contemplated by section 266 of the Judicial Code (28 USCA § 380).

The motion to dismiss, in substance, challenges the jurisdiction of this court to entertain the bills of complaint and to grant the relief prayed for. The motion asserts that, admitting all the facts alleged in the bills, they do not present a proper case for the exercise by a court of equity of the extraordinary remedy of injunction, or, in any event,

a case in which a federal court has jurisdiction to enjoin a state officer or agent from enforcing a valid statute or statutes.

I think it is clear that the bills of complaint do fail to challenge any statute of the state under which the director of motor vehicles of the state is proceeding or threatening to proceed, as violative of the Federal Constitution, and in the oral and written arguments of counsel for complainant no statute of the state was so challenged.

Furthermore, there is no showing in either the original or amended bill that the director of motor vehicles is threatening to proceed against complainant, its agents, servants, or employees, in any unlawful, discriminatory, or unconstitutional manner in the enforcement of the penal provisions of the state statutes. To repeat, there is a marked failure either to show any unconstitutional statute sought to be enforced by the director, or that illegal, arbitrary, or unconstitutional enforcement of any valid statute is threatened by him. For the latter reason, I do not think that L. & N. R. R. Co. v. Greene, 244 U. S. 522, 37 S. Ct. 683, 61 L. Ed. 1291, Ann. Cas. 1917E, 97, Herkness v. Irion, Commissioner of Conservation, 278 U. S. 92, and 49 S. Ct. 40, 73 L. Ed. 198, and other similar cases relied on by complainant in its brief, are in point.

I rather think it is obvious from the allegations of complainant's bills that the director of motor vehicles is threatening to enforce the provisions of valid statutes of Virginia against complainant in the same manner and to the same extent that he presumably would enforce such provisions against any other violator should the occasion arise. He threatens to do no more apparently than what a valid statute imposes upon him the duty to do in this and all similar cases, namely, arrest and prosecute the operators of motor vehicles and busses who have not the certificates, licenses, and tags required by the laws of Virginia. That the law makes it his duty to arrest and prosecute under such circumstances can hardly be the subject of debate. Michie's Code 1930, §§ 2154(39)b to 2154(39)g1.

A major complaint made against respondent director of motor vehicles is that he refuses to accept the license fees tendered to him by complainant and to issue licenses and tags for the operation of its busses, but the bills are silent on the important fact that the director appears to be without authority under the law to issue licenses and tags when applied for *unless and until the application*

for them is accompanied by a certificate granted by the State Corporation Commission of Virginia, as provided by section 7 of chapter 419 of the Acts of 1930. I do not understand it to be contended that respondent director may, if he thinks proper, receive the fees and issue the licenses and tags where a certificate to operate in interstate commerce has not first been granted by the State Corporation Commission. The director is without that authority.

It is therefore apparent that no act of the director here sought to be enjoined is illegal, arbitrary, or discriminatory. The acts to be performed by him clearly are ministerial. In a given case, if the Corporation Commission of Virginia has issued a certificate for the operation of busses and pursuant to such certificate application is made to the director of motor vehicles to issue licenses and tags, he has no discretion to refuse. Likewise, when the applicant for the licenses and tags has not obtained a certificate of authority from the Corporation Commission, the director has no discretion to issue the licenses and tags.

It seems to the court that the foregoing statement serves to make plain the true nature of the relief sought by complainant in these proceedings. It is not in fact relief against illegal, arbitrary, or discriminatory acts of the respondent director of motor vehicles. On the contrary, if the relief prayed for is finally granted by the court, the real result will be indirectly, but effectively nevertheless, to tie the hands of the Corporation Commission of Virginia, by either forcing that body to grant complainant the certificate sought, or, in the event such certificate is withheld by the commission, the court's permitting complainant to carry on the business which it seeks to conduct in defiance of the state authorities. It is also patent, it seems to me, that to grant the relief prayed for will tie the hands of the state itself, and thereby, in effect, deny it the right under the police power to say whether or not, in this case, the granting of the certificate to engage in interstate transportation over its highways is consistent with the safety of the general public in the latter's lawful use of the state highways. Furthermore, if the state, acting through the Corporation Commission, must as a matter of course, grant this applicant the certificate sought, and has no discretion in promotion of the public safety to deny the application, may it not with equal force be said that the state, through the Corporation Commission, must as a matter of course grant

every subsequent application without regard to the safety of the general public?

It was stated in the oral argument, and apparently is a fact, that the Corporation Commission of Virginia has continued the application of complainant for a certificate from time to time for the purpose of making a survey of the traffic conditions on the state highways over which complainant seeks to conduct its operations, in order to ascertain whether or not the granting of the certificate applied for will endanger the safety of the public using the highways designated by complainant in its application. It was urged upon the court in the argument that the statute of Virginia (section 7, chap. 419, Acts of 1930) gives the State Corporation Commission no discretion to refuse the application for such certificate and that the granting of a certificate upon a proper application is a purely administrative matter; in effect, that complainant having filed an application in compliance with the requirements of the statute, the Corporation Commission is without any authority to make a survey or investigation to ascertain if the safety of the public will be endangered or seriously affected by the granting to complainant of a certificate for the operation of additional passenger busses over those highways.

All this seems further to demonstrate the fact that the bills, in effect, indirectly challenge the validity of the proceedings now being taken by the Corporation Commission of Virginia on complainant's application. As I view it, the effect of this court's taking jurisdiction of the case presented and granting the relief prayed for will be to challenge the authority of the State Corporation Commission to exercise any discretion whatever in the granting or refusing of certificates in cases in which the applicant has complied with the provisions of section 7, chapter 419, in a proceeding in which that commission is not made a party.

It does not seem to the court proper that complainant should be permitted to challenge the right of the state, presumably acting through a body of the importance of the State Corporation Commission, to exercise what may seriously be contended is a function of the police power in furtherance of the public safety, through injunction proceedings against a state officer who is without any authority whatever to issue certificates for the operation of busses in the interstate transportation of passengers, and who is also without discretion either in the matter of issuing tags and licenses or in the arrest and prosecu-

tion of persons engaging in passenger bus operations over the highways of the state without having the required certificate, licenses and tags.

For the foregoing reasons, the court's conclusion is that the motion to dismiss the bills should be sustained and the temporary restraining order dissolved.